Laurie A. Cayton (USB #4557)
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
Washington Federal Bank Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111
Telephone:   (801) 524-3031
Facsimile:    (801) 524-5628
E-mail: Laurie.Cayton@usdoj.gov

Attorney for Patrick S. Layng, United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**RALPH DAVID BRINTON,**<br><br>Debtor. | **Bankruptcy Case No. 16-27945 JTM**<br><br>(Chapter 7) |
| **PATRICK S. LAYNG,**<br><br>Plaintiff.<br><br>vs.<br><br>**RALPH DAVID BRINTON,**<br><br>Defendant. | Judge Joel T. Marker<br><br>Adversary Proceeding No. _____ |

**COMPLAINT SEEKING DENIAL OF DEBTOR'S DISCHARGE
PURSUANT TO 11 U.S.C. §§ 727(a)(2) AND (a)(4)**

Patrick S. Layng, the United States Trustee for Region 19 ("United States Trustee"), through his counsel, Laurie A. Cayton, for his complaint against the Debtor, Ralph David Brinton, states and alleges as follows:

## PARTIES

1. The Plaintiff, Patrick S. Layng, is the United States Trustee for Region 19, which includes the Districts of Colorado, Utah and Wyoming.

2. Defendant, Ralph David Brinton ("Debtor" and/or "Defendant"), is the Chapter 7 Debtor having filed for relief under Chapter 13 of the Bankruptcy Code under case number 16-27945 JTM (the "Case") which case was subsequently converted to Chapter 7 on January 5, 2017.

## JURISDICTION AND VENUE

3. This adversary proceeding arises out of and relates to the Case of the Defendant currently pending in the United States Bankruptcy Court for the District of Utah, Central Division.

4. The Plaintiff files this proceeding pursuant to his statutory duties under 28 U.S.C. §586(a). He has standing to bring this complaint pursuant to 11 U.S.C. §§ 307 and 727(c). This complaint is timely filed under the provisions of 11 U.S.C. § 727(a) and FRBP 4004(a).

5. The United States Bankruptcy Court for the District of Utah has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. §§ 157(a), (b), §1334(b), 11 U.S.C. §727 and by the General Order of Reference (D.U.Civ.R. 83-7.1) from the United States District Court for the District of Utah.

6. The Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(O) & (J).

7. Venue is proper in the Central Division for the District of Utah pursuant to 28 U.S.C. §1409(a).

## **GENERAL FACTUAL ALLEGATIONS**

8. On or about November 14, 2006, the Defendant purchased a home at XXXX South Forest Bend Drive ("Forest Bend Property"), Salt Lake City, Utah. As part of the purchase, the Defendant signed a promissory note in the amount of $1,500,000 secured by a Deed of Trust on the Forest Bend Property originally in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A.. The Note and beneficial interest in the Deed of Trust were subsequently transferred to HSBC Bank. Specialized Loan Servicing LLC ("SLS") is the servicing agent for HSBC Bank.

9. The Defendant defaulted under the terms of the promissory note by failing to make his monthly payment due on February 1, 2008 or any subsequent payment.

10. Because of the default, on November 7, 2014, SLS scheduled a foreclosure sale of the Forest Bend Property for December 8, 2014.

11. On December 5, 2014, the Defendant filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 14-32784, to avoid the immediate foreclosure of his home. Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale.

12. On February 12, 2015, SLS, as servicing agent for HSBC, filed a proof of claim in the Defendant's chapter 13 case for $2,159,302 with an arrearage of at least $768,499. The Defendant did not object to this claim.

13. On March 17, 2015, in response to a motion to dismiss his case, the Defendant filed an objection stating "I found out I needed to be under Chapter 11 and not a 13 because of the debt amount."

3

14. On April 4, 2015, in response to a motion for relief from the automatic stay, the Defendant filed an objection stating that he "does not dispute that there is a debt obligation owed to someone" but that he disputes that "the obligation" is owed to SLS.

15. At a hearing before the Bankruptcy Court on July 7, 2015, the Defendant requested that his Chapter 13 case be dismissed. His case was dismissed on July 13, 2015.

16. On August 9, 2016, SLS scheduled a foreclosure sale of the Forest Bend Property for September 9, 2016.

17. On September 8, 2016, the Defendant filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Utah, Case No. 16-27945, to avoid the immediate foreclosure of his home. In so doing he filed a petition which falsely alleged that his liabilities did not exceed $1 million in order to appear eligible to file a Chapter 13.

18. The Defendant was aware of the fact that his petition contained a false statement since he had admitted in his previous Chapter 13 case that he should have filed a Chapter 11 petition rather than a Chapter 13 petition due to the debt limit.

19. Upon the filing of the Chapter 13 petition, the automatic stay immediately stopped the foreclosure sale. That Chapter 13 petition was filed by the Defendant for the sole purpose of invoking the automatic stay and thereby hindering, delaying and obstructing the lawful foreclosure by the mortgage holder of Brinton's residence, all the while knowing he was not eligible to file a Chapter 13 petition.

20. On September 22, 2016, the Defendant filed his Schedules of Assets and Liabilities under penalty of perjury stating he owed secured debt of $2,100,000 to SLS.

21. On January 4, 2017, the Court after notice and hearing, converted the Defendant's case to a case under Chapter 7.

22. On February 15, 2017, SLS, as servicing agent for HSBC, obtained relief from the automatic stay to foreclose on the Forest Bend Property.

23. On March 8, 2017, SLS scheduled a foreclosure sale for the Forest Bend Property for April 10, 2017.

24. On April 6, 2017, the defendant filed a civil complaint in the Third District Court for the State of Utah, *Ralph D. Brinton v. Specialized Loan Servicing, LLC, et.at,* Case No. 170902244, ("State Court Case"), and obtained a temporary restraining order, stopping the foreclosure sale of the Forest Bend Property. On April 21, 2017, the state court dissolved the temporary restraining order.

25. After the restraining order in the State Court Case was dissolved, the Defendant transferred, by Quit Claim Deed, his interest in the Forest Bend property to himself and an individual by the name of Richard Blum, as tenants in common.

26. The Defendant knew that his transfer of property of the estate to Blum during the Defendant's Chapter 7 case was not allowed as only the Trustee had authority to transfer property of the estate and only with Court approval.

27. The foreclosure sale of the Forest Bend Property was subsequently rescheduled for April 24, 2017.

28. On or about April 24, 2017, while his bankruptcy case was pending, the Defendant caused to be recorded a Quit Claim Deed in the Salt Lake County Recorder's Office,

transferring the Forest Bend Property to himself and Blum as tenants in common for no consideration. The property was property of the Defendant's bankruptcy estate.

29. On April 24, 2017, a Chapter 13 petition in the name of Blum was filed with in the United States Bankruptcy Court for the District of Utah, Case No. 17- 23452, which resulted in postponing the foreclosure sale.

## COUNT ONE

## CONCEALMENT OF PROPERTY OF THE DEBTOR (11 U.S.C. §727(a)(2)(B))

30. The allegations of paragraphs 1 through 30 above are incorporated herein as though set forth in full herein:

31. 11 U.S.C. § 727(a)(2) provides that the Court shall grant the debtor a discharge, unless –

> the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed -
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;

32. Beginning on or before September 2016 and continuing through May 2017, the Defendant, with the intent to hinder, delay or defraud, devised, devise, and participated in a scheme to defraud the Bankruptcy Court, the bankruptcy trustees and his creditors through the bankruptcy cases filed under Title 11 of the United States Code, as alleged above.

33. The Defendant intended to hinder, delay, or defraud his creditors and the bankruptcy trustee by transferring the Forest Bend Property which was property of his bankruptcy estate.

6

34. The Defendant's discharge should be denied pursuant to the provisions of 11 U.S.C. §727(a)(2)(B).

## COUNT TWO

## FALSE OATH OR ACCOUNT (11 U.S.C. §727(a)(4)(A))

35. The allegations of paragraphs 1 through 35 above are incorporated herein as though set forth in full herein.

36. 11 U.S.C. §727(a)(4)(A) provides, in pertinent part, that "the Court shall grant the debtor a discharge, unless - - - the debtor knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account".

37. The Defendant signed a Chapter 13 petition on September 1, 2016, stating under penalty of perjury that the information provided in his petition was true and correct. The Defendant knew that his debt exceeded $1 million and that his debts exceeded the limit for those eligible to file a Chapter 13 petition.

38. The Defendant at all times had knowledge of the falsity of the statements contained in his petition. The false statement was made with the Defendant's intention to further frustrate the efforts of his creditors in foreclosing on the Forest Bend Property and that statement was a knowing and fraudulent false oath which was material to the Case.

39. Pursuant to 11 U.S.C. §727(a)(4), the Defendant should be denied a discharge for his knowing and fraudulent false declarations in connection with the Case.

WHEREFORE, the Plaintiff requests relief against the Defendant Ralph David Brinton as follows:

That the Defendant be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4); and grant such other and further relief as may be proper under the circumstances.

DATED: August 21, 2019

Respectfully Submitted,

_____/s/_____
Laurie A. Cayton
Attorney for United States Trustee
Patrick S. Layng